# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1878.

THE STATE OF FLORIDA EX REL. SAMUEL Z. GONZALEZ, COL-
LECTOR OF REVENUE ESCAMBIA COUNTY, PLAINTIFF, VS. CO-
LUMBUS DREW, COMPTROLLER, RESPONDENT.

Under the Statutes of this State the Collector of Revenue is paid commis-
sions with reference to amounts collected, under a warrant issued
annually by the Assessor of Taxes, which warrant, with the annual
assessment roll, is placed in the hands of the Collector. The com-
missions are fixed by law with reference to the amount of collections
made on each revenue account for each year, and not with regard to
the sums which may be collected by each officer engaged in such ser-
vice. In this case no question of jurisdiction is raised or considered,
it being immaterial in view of the conclusion reached.

The relator filed a petition for an alternative writ of man-
damus January 15, 1878, and the court ordered that the
writ issue in accordance with the prayer of the petition.
The alternative writ issued, and the *facts* stated in the peti-
tion being admitted as true, and the question of the juris-
diction of the court to control the judgment of the Comp-
troller in the premises being waived, the case was submitted
to the court for a construction of the statute involved. The
other facts necessary to a full understanding of the case are
stated in the opinion of the court.

*E. A. Perry* for the Relator.

*The Attorney-General* for the Comptroller.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

The 65th Section of Chapter 1966, Laws, provides that "the collector of revenue shall be entitled to commissions upon the amount of State taxes collected by him as follows : on the first thousand dollars, ten per cent.; on the next thousand dollars, five per cent.; on the next two thousand dollars, three per cent.; on the balance, one per cent. *  * The commissions for collecting State taxes shall be audited and allowed by the comptroller, and paid by the Treasurer upon warrant therefor."

The relator, who was appointed collector of revenue for Escambia county on the 3d day of February, A. D. 1877, affirms in his petition that of the State taxes for 1876, he collected and made proper return of more than four thousand dollars, viz : the sum of $17,307.93.   On four thousand dollars of this sum he claims commisssions at the rate stated in the above section as the commission on the first four thousand dollars.   The comptroller declines to pay this sum, as the antecedent collector had collected of revenue for 1876 the sum of $3,998.99, and had received the compensation fixed for that portion of the first $4,000.   The question presented is, whether the compensation is fixed with reference to collections upon each annual assessment, or in reference to the entire amount which the officer may collect ; and the whole question depends upon the construction of the words " State taxes " in this section.   If this term refers to each annual assessment, then the effect is to restrict the commission on the first $4,000 to the first $4,000 of each annual assessment, in contradistinction to the first $4,000 which each officer may collect, and to render it impossible for but one officer to receive this amount of commissions on the annual revenue collected.   If the other construction is correct, then the commissions upon the revenue are fixed with reference to the whole amount collected by

State of Florida ex rel. Gonzalez v. Drew—Opinion of Court.

the officer during his term. The collection follows a warrant issued annually by the assessor of taxes to the collector. This warrant accompanies the annual assessment book, and for the purpose of this proceeding must be regarded as partaking of the nature of process. Each annual warrant is one-process applicable to the entire collections to be made under it. In case of vacancy and reappointment, the new officer but executes the process of his predecessor. The intention of the Legislature was evidently to provide like compensation for the assessor and collector. Under the sixty-fourth section providing for the compensation of the assessor, it is clear that he is paid per the annual assessment. We think the clear intention of the Legislature was to provide compensation with reference to the collections made upon each annual assessment, and that the same rule applies whether one or more officers make the collections. Any other construction would be manifestly unjust to the officers engaged in this duty. If we take an officer whose annual warrant is to collect per thousand dollars, his second year's compensation would be forty dollars. The terms of the law attach the compensation to the office, and the warrant is a process under which the collection is made for each annual assessment. The compensation is fixed with reference to the annual assessment.

All questions as to jurisdiction herein are waived in the record by the respondent.

The peremptory writ is denied.